

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE L. CASTILLO,<br><br>                  Petitioner,<br><br>v.<br><br>TIMOTHY JOHNSON,<br><br>                  Respondent. | Case No.: 3:25-cv-00928-JAH-BLM<br><br>**ORDER DENYING PETITION AS MOOT**<br><br>[ECF No. 1] |

      On April 17, 2025, Petitioner Jose L. Castillo ("Petitioner") filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his pretrial detention in federal custody. ECF No. 1. On July 9, 2025, Respondent United States of America, on behalf of Warden Timothy Johnson of the Western Region Detention Facility in San Diego, ("Respondent") filed its response in opposition to the petition. ECF No. 9.

      Under 28 U.S.C. § 2241, the "writ of habeas corpus shall not extend to a prisoner unless" the prisoner is in custody under the authority of the United States or its courts, in custody for an act done or omitted pursuant to an Act of Congress, or in custody for violation of the Constitution or laws or treaties of the United States, among other provisions. *See* 28 U.S.C. § 2241(c). The pretrial detainee must demonstrate that he remains "in custody" of the United States or in custody for violations of federal law in order to proceed with his habeas petition. *See Boumediene v. Bush*, 553 U.S. 723, 737, 745

(2008) (finding that the writ of habeas corpus allows a person held in government custody to appear before a court, "most frequently to ensure that the party's imprisonment or detention is not illegal," and that the "essence of habeas corpus is an attack by a person in custody upon the legality of that custody.") (citations omitted).

Petitioner challenged his pretrial detention in federal custody pending his criminal trial in the Southern District of California in case number 3:20-cr-01570-JAH-1. ECF No. 1 at 2. Petitioner argued, at the time his petition was filed, that he had been unlawfully held in detention pending his criminal case since April 28, 2024. *Id.* Respondent contends, however, that the petition is now mooted because the Petitioner was granted bond in his criminal matter. ECF No. 9 at 6. Respondent argues that, if Petitioner has been released from federal custody, he would no longer be a pre-trial detainee under the federal habeas statute and his petition would be moot. *Id.*

A petition becomes moot when "it no longer present[s] a case or controversy" under Article III of the Constitution. *Wilson v. Terhune*, 319 F.3d 477, 479 (9th Cir. 2003). Petitioner was released from federal custody in the criminal matter at issue on July 11, 2025. *See* 3:20-cr-01570-JAH-1, ECF No. 85 at 1. Petitioner filed bond on July 10, 2025 after the Court held a *Nebbia* hearing on the same day. *See id.*, ECF No. 83. Because Petitioner has since been released from custody, Petitioner is no longer a pretrial detainee under 28 U.S.C. § 2241. As a result, his petition for habeas relief from pretrial detention no longer presents a live case or controversy. Accordingly, Petitioner's petition is DENIED as moot, and all other pending motions accompanying the petition are similarly DENIED. The Clerk of Court is instructed to close this matter.[1]

///

---

[1] The Court's decision is without prejudice to Petitioner's ability to raise future writs for habeas relief in the event that he may later be in federal custody.

**IT IS SO ORDERED.**

DATED: August 5, 2025

_____
JOHN A. HOUSTON
UNITED STATES DISTRICT JUDGE