UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSE L. CASTILLO

Petitioner,

v.

TIMOTHY JOHNSON, Warden,

Respondent.

Case No.: 25cv0928 JAH-BLM

**ORDER DENYING PETITIONER'S MOTION TO REOPEN**

Petitioner Jose Castillo originally filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. section 2241 on April 27, 2025. ECF No. 1. The Court issued an order denying his petition as moot on August 5, 2025, because Petitioner was granted bond and placed on pretrial release in his criminal case, *United States v. Castillo*, case number 20cv1570-JAH.[1] ECF No. 12. On April 30, 2026, Petitioner filed a motion to reinstate

[1]The Court held a hearing on the motion for bond filed by Petitioner's counsel in the criminal case on June 25, 2025. Petitioner was released from custody on July 10, 2025. On September 17, 2025, the Court modified the conditions of bond to permit Petitioner to visit the library 6 hours a week, at his request, to assist counsel with the criminal case.

his petition after he was arrested for violating his conditions of release in the criminal case.[2] ECF No. 13. He filed a corrected motion on June 8, 2026, and a motion for adjudication of the motion August 24, 2026. ECF Nos. 14, 15.

Petitioner challenges his ongoing criminal proceedings. Specifically, he contends the identification procedures leading to his prosecution are deficient, there is a lack of probable cause or sufficient evidence, there has been unnecessary delay, and the government has engaged in prosecutorial misconduct.

Courts may grant habeas corpus relief to those "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. However, absent exceptional circumstances, habeas relief is not available to federal pretrial detainees when the issues may be resolved by procedures available during the criminal proceedings or by trial. *Jones v. Perkins*, 245 U.S. 390, 391, 38 S. Ct. 166, 166, 62 L. Ed. 358 (1918); *Riggins v. United States*, 199 U.S. 547, 550-51 (1905). Petitioner has the ability to pursue remedies in his pending criminal proceedings in which he is represented by counsel.[3] Additionally, Petitioner presents no extraordinary circumstances to justify this Court grant of habeas relief.

///

///

///

///

///

---

[2] On January 23, 2026, the Court issued a warrant for his arrest, and he was arrested pursuant to the warrant on January 26, 2026. He admitted to the allegation in the warrant and was remanded into custody on April 1, 2026.

[3] To the extent Petitioner challenges his ongoing detention, he may do so in the criminal case pursuant to the Bail Reform Act. *Reese v. Warden Philadelphia FDC*, 904 F.3d 244, 247 (3d Cir. 2018).

Accordingly, the Court DENIES Petitioner's corrected motion to reinstate his petition and DENIES Petitioner's motion to reinstate and motion for adjudication as moot. ECF Nos. 13, 14, 15.

**IT IS SO ORDERED**.

DATED: October 6, 2026

JOHN A. HOUSTON
United States District Judge